IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-30054 |
| ) | |
| **CHRISTOPER RUDOLPH,** ) | |
| ) | |
| Defendant. ) | |

**OPINION**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is Defendant Christopher Rudolph's Motion to Dismiss Information Charging Prior Offense under 21 U.S.C. § 851 [d/e 26]. Because the elements of the Illinois statute are identical to the elements of the federal statute, which is the critical inquiry under the categorical approach, the Court will deny Defendant's Motion to Dismiss the Information.

**BACKGROUND**

On October 2, 2019, the Defendant was charged in a two-count Indictment. See d/e 1. Count One of the Indictment charged possession with intent to distribute 5 grams or more of actual

1

methamphetamine while Count Two of the Indictment charged distribution of 5 grams or more of actual methamphetamine, both in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Id. If convicted, the Defendant would be subject to a five-year mandatory minimum term of imprisonment in the absence of a qualifying conviction. See d/e 27, at 2.

The Indictment included a "Special Findings" section alleging Mr. Rudolph's prior Sangamon County conviction for unlawful delivery of methamphetamine, Case Number 2016-CF-142, qualified as a "serious drug felony." See d/e 1. On July 26, 2022, the Government filed an information charging prior offense under 21 U.S.C. § 851, alleging the same. See d/e 24. The information provided that Defendant was subject to an enhanced sentence under § 851 based on his prior Sangamon County conviction for unlawful delivery of methamphetamine. Id. If the prior conviction is properly considered a serious drug felony, the Defendant will be subject to an enhanced statutory minimum term of imprisonment of ten years. See d/e 27, at 2.

In Defendant's motion to dismiss the information, the Defendant contends the prior conviction is overbroad and cannot qualify as a predicate offense for statutory enhancement purposes because the statute punishes drugs broader than the federal definition. See d/e 27, at 1-3. The Government alleges that, because the federal and state statutes are identical, the Defendant's prior conviction qualifies as a "serious drug felony" and the sentencing enhancement under 21 U.S.C. § 851 applies. See d/e 29, at 6-8.

In Defendant's Reply, the Defendant included a new argument—that Illinois methamphetamine offenses are impermissibly overbroad because the statutes punish usable by-products of the substance, when federal law does not. See d/e 31, at 5-6. As directed, the Government filed a sur-reply addressing the Defendant's new argument. See d/e 34.

## DISCUSSION

Section 841(b)(1)(B) provides that if a defendant has "a prior conviction for a serious drug felony . . . such person shall be sentenced to a term of imprisonment which may not be less than ten years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(B).

Without a qualifying conviction, the statutory penalty range is five to forty years of imprisonment. Id. A "serious drug felony" is "an offense described in section 924(e)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months; and the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57). As relevant here, section 924(e)(2)(A)(ii) describes a qualifying offense as "an offense under State Law, involving . . . distributing . . . a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924€(2)(A)(ii).

In determining whether a state offense qualifies as a serious drug offense under federal law, courts apply the categorical approach. See United States v. Elder, 900 F.3d 491, 497-501 (7th Cir. 2018) (citing Taylor v. United States, 495 U.S. 575, 601-02 (1990)). Using the categorical approach, "courts look solely to whether the elements of the crime of conviction match the elements of the federal recidivism statute." United States v. Ruth, 966 F.3d

642, 646 (7th Cir. 2020) (citing Elder, 900 F.3d at 501). "If, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense." United States v. De La Torre, 940 F.3d 938, 948 (7th Cir. 2019).

The Defendant's prior Sangamon County conviction fell under 720 Ill. Comp. Stat. Ann. § 646/55(a)(1), which makes it "unlawful knowingly to engage in the delivery or possession with intent to deliver methamphetamine or a substance containing methamphetamine." At the time of the Defendant's offense, Illinois law defined methamphetamine as follows:

> "Methamphetamine" means the chemical methamphetamine (a Schedule II controlled substance under the Illinois Controlled Substances Act) or any salt, optical isomer, salt of optical isomer, or analog thereof, with the exception of 3, 4-Methylendioxymethamphetamine (MDMA) or any other scheduled substance with a separate listing under the Illinois Controlled Substances Act.

720 ILCS 646/10 (2012). The federal statute encompasses "methamphetamine, including its salts, isomers, and salts of isomers." De La Torre, 940 F.3d at 951 (citing 21 U.S.C. § 812, Schedule II(c), Schedule III(a)(3)). The Government states that the

two definitions are the same except for the mention of an analog substance in the Illinois definition. See d/e 29, at 4. While federal law does not explicitly include analogs, the Controlled Substance Analog Enforcement Act incorporates any analog of a controlled substance into Schedule I. See McFadden v. United States, 576 U.S. 186, 188-89 (2015).

The Defendant claims that the federal and Illinois definitions for a controlled substance analog/analogue differ in that a broader range of substances satisfy Illinois' definition. See d/e 27, at 5. Under federal law, "controlled substance analogue" is defined as:

> **(32)(A)** Except as provided in subparagraph (C), the term "controlled substance analogue" means a substance--
>
> **(i)** the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> **(ii)** which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II;
>
> **(iii)** with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A). The Illinois' definition of a "controlled substance analog" is identically worded, 720 Ill. Comp. Stat. Ann. § 570/102(f-5) (2015), since Illinois amended the definition of "controlled substance analog" in 2012 and adopted the federal definition. See P.A. 97-334, § 5, eff. Jan. 1, 2012. The Government claims that is the end of the analysis. See Ruth, 966 F.3d at 648 ("[W]e compare the state statute to the federal recidivism statute at issue and ask only if the state law is the same as or narrower than federal law.") Because the state and federal statutes are exactly the same, the Government alleges the Defendant's prior conviction qualifies as a "serious drug felony" and the sentencing enhancement under § 851 applies. See d/e 29, at 6.

The Defendant notes that the federal statute and Illinois statute have been interpreted differently by the courts. See d/e 27, at 5. The federal statute requires a conjunctive reading: a substance must satisfy both the chemical structure prong and either of the substantially similar effect or intended effect prongs. See United States v. Turcotte, 405 F.3d 515, 522-23 (7th Cir. 2005), abrogated on other grounds by McFadden, 576 U.S. at 186. The court in

7

Turcotte noted that the text of the Controlled Substances Act analogue provision is "not a model of clarity" and is "susceptible to either a disjunctive or conjunctive reading." Id. at 522. The Defendant alleges the Illinois definition is disjunctive—that is, a substance need only meet the chemical structure prong or have a similar/intended effect. See People v. Monteleone, 112 N.E.3d 637, 645-46 (Ill. App.2d 2018) (evidence sufficient when defendant knew the products were illegal under federal law and knew the effect the substances had on the nervous system).

The Government alleges the Defendant's claim that the court in Monteleone employed a "disjunctive" approach in determining whether defendant possessed knowledge of the unlawful nature of the substance he sold is incorrect. See d/e 29, at 7. Moreover, the court in Monteleone did not indicate it was applying a standard different that that applied in federal courts. Id. In fact, the court expressly stated that defendant "knew the products were illegal under federal law and knew the effect the substances had on the central nervous system." Monteleone, 112 N.E.3d at 646. The court

8

further found the analysis in McFadden to be "instructive." Monteleone, 112 N.E.3d at 643.

The Defendant alleges the Illinois definition of an "analog thereof" is broader than its federal counterpart because a substance may have either a similar chemical structure or a similar/intended effect. See d/e 27, at 6. Under federal law, it must have both. Id. The Defendant contends, therefore, that Defendant's 2016 Illinois conviction under 720 Ill. Comp. Stat. Ann. § 646/55(a)(1) is categorically broader than federal law and cannot serve as a predicate "serious drug felony" that triggers a sentencing enhancement under § 841(b)(1)(B). See d/e 27, at 6-7.

Even assuming that federal law interprets "controlled substance analog" differently than Illinois law, the Court concludes that Defendant's argument must fail because the statutes are identical. The Supreme Court has emphasized that, when using a categorical analysis, "there are no exceptions to the elemental comparison." United States v. Walker, 931 F.3d 576, 581 (7th Cir. 2019) (citing Mathis v. United States, 579 U.S. 500, 519 (2016) ("For more than 25 years, we have repeatedly made clear that application of [the

categorical approach] involves, and involves only, comparing elements."). Because the definition of "controlled substance analog" under 720 ILCS § 570/102(f-5) in 2016 was exactly the same as the federal definition of "controlled substance analogue," the elements of the crime of conviction match the elements of the federal recidivism statute. That is the Court's sole inquiry. See Ruth, 966 F.3d at 646. Therefore, the Defendant's argument that his prior conviction for distributing methamphetamine does not qualify as a "serious drug felony" and thus cannot serve to enhance his sentence under 21 U.S.C. § 851 is without merit.

In his Reply, the Defendant claims that his Illinois methamphetamine conviction is overbroad in a more basic context because the statute punishes even unusable by-products of the methamphetamine manufacturing process as a "substance containing methamphetamine." See People v. McCarty, 858 N.E.2d 15, 27-28 (Ill. 2006) (noting that the substance triggering statutory thresholds need not be usable as long as it contains a detectable amount of methamphetamine). In contrast, the federal definitions look only to the usable portion of a substance. See United States v.

Johnson, 999 F.2d 1192, 1196-97 (7th Cir. 1993) (concluding that wastewater left over from cocaine production with trace amounts of detectable cocaine was not a "mixture or substance" for purposes of drug quantity, as it was not usable, ingestible, or marketable). Because an individual can be convicted under the Illinois statute even if the person only possessed an unusable by-product of the substance instead of methamphetamine itself, the Defendant contends that that the Illinois statute is unconstitutionally overbroad for that additional reason and cannot serve as a predicate Serious Drug Felony for purposes of enhancing the statutory minimum term of imprisonment. See d/e 31, at 5-6.

The Court concludes that the Defendant's argument concerning unusable byproducts of methamphetamine fails for the same reason as Defendant's elements argument. When two statutes are identical, as they are in this case, the analysis begins and ends with the statutory language. See Ruth, 966 F.3d at 646-47 ("courts look solely to whether the elements of the crime of conviction match the elements of the federal recidivism statute"). The elements of the Illinois statute mirror those of the federal statute, which is all that

matters under the categorical approach. See De La Torre, 940 F.3d at 948. The categorical approach focuses not on the facts of the crime but the elements of the crime committed by a defendant. See Ruth, 966 F.3d at 649. The Defendant has provided no reason for the Court to conclude that the identical language as applied reaches more broadly under Illinois law than it does under federal law. Therefore, the Court finds no basis to dismiss the § 851 Information.

For these reasons, Defendant Christopher Rudolph's Motion to Dismiss Information Charging Prior Offense under 21 U.S.C. § 851 [d/e 26] is DENIED.

ENTER: December 5, 2022

       FOR THE COURT:

                                /s/ *Sue E. Myerscough*
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT COURT